[Cite as *Lopez v. Lopez*, 2022-Ohio-3255.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| JAVIER E. LOPEZ | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29368 |
| | : | |
| v. | : | Trial Court Case No. 2019-DR-701 |
| | : | |
| KIMBERLY J. LOPEZ | : | (Domestic Relations Appeal)) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of September, 2022.

. . . . . . . . . . .

JENNIFER L. BROGAN, Atty. Reg. No. 0075558, 6 North Main Street, Suite 400, Dayton, Ohio 45402
  Attorney for Plaintiff-Appellee

CHARLES D. LOWE, Atty. Reg. No. 0033209, 8087 Washington Village Drive, Suite 102, Dayton, Ohio 45458
  Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant Kimberly J. Lopez ("Kimberly") appeals from a final judgment and decree of divorce. According to Kimberly, the trial court erred in deciding that Plaintiff-Appellee Javier E. Lopez ("Javier") should be the custodian of a 529 college savings plan account that was established for the parties' minor child.

{¶ 2} We conclude that the court did not err in designating Javier as custodian of the 529 account. First, Kimberly failed to object to the trial court's treatment of the custodianship as a contested divorce issue. Any alleged error, therefore, can be reviewed only for plain error. However, no plain error or even any error occurred. Kimberly's circumstances caused the court to restrict her parenting time, to require supervised parenting time, and to mandate alcohol testing during the time she spent with her child. In light of the evidence before the court, Javier was an appropriate party to oversee the minor child's college fund. The court also ordered that Kimberly receive quarterly statements for the account; therefore, she could monitor the account and take action if needed. Accordingly, the judgment of the trial court will be affirmed.

I. Facts and Course of Proceedings

{¶ 3} Kimberly and Javier were married in June 2009, and they have one child, S.L., who was born in March 2010. On September 11, 2019, Javier filed a complaint for divorce. Kimberly filed an answer to the complaint and a counterclaim for divorce on October 9, 2019.

{¶ 4} The initial contested hearing began on January 8, 2021, but was continued after some evidence was taken from several witnesses, including two police officers who

had investigated a September 2019 domestic violence incident that resulted in criminal charges against Kimberly. The court also heard testimony from Kimberly's mother, who discussed Kimberly's alcohol issues.

{¶ 5} After these witnesses testified, the parties told the court that they had reached a partial agreement about various issues. The agreement included the following matters: (1) Javier would be S.L.'s residential parent and legal custodian; (2) Kimberly's mother would continue supervising Kimberly's parenting time; (3) spousal support would be waived; (4) both parties would retain any and all retirement, checking, and savings accounts that were in their names only; (5) Javier would retain his interest in his business; (6) the parties would retain their own vehicles and any associated debt, and their own insurance policies; and (7) any debt liability on a time-share the parties owned would be split equally. Transcript of January 8, 2021 Proceedings (Tr. 1) p. 42-44, 45, 46, and 47.

{¶ 6} At the hearing, the parties also told the court about items that were still contested. These items included: (1) respective equity in the marital real estate; (2) who would be the custodian for two custodial accounts of the minor child; (3) disposition of household furnishings and personal property; and (4) allocation of child support, health insurance, and expenses for the child. Tr.1 p. 44-46, and 47.

{¶ 7} After the agreement was read into the record, the court questioned both parties about the agreement and its terms. They both said they understood, were satisfied, and had entered into the agreement freely and voluntarily. Tr. 1 at p. 49-52. The court then found the partial agreement fair and equitable and ordered that it be incorporated into the final decree. Tr. 1 p. 52. At no time did Kimberly object to the

assertion that the accounts' custodial status was contested.

{¶ 8} A second hearing was held on April 26, 2021, at which time the court heard testimony from Javier, Kimberly, and a person who had recently purchased the marital property. At that time, the parties said that they had resolved the personal property issues. Transcript of April 26, 2021 Proceedings (Tr. 2), p. 68-69. During the hearing, Javier testified about issues related to child support, health insurance, school expenses, and disposition of proceeds from the sale of the marital home. Tr. 2 p. 62-83.

{¶ 9} In addition, Javier testified that the parties had a 529 account for S.L. and that he wanted the court to name him the custodian for the account. Javier added that if the court decided not to name him as custodian, he wanted the court to require Kimberly to provide him with quarterly statements. Tr. 2 p. 84. During his testimony, Javier identified Plaintiff's Ex. 32, which was a copy of a statement for the "TD Ameritrade 529 account" that had been established for S.L.'s benefit. *Id.* This document indicated that Kimberly was the current custodian (and that was not disputed). Following Javier's testimony, his attorney stated that "Your Honor, I believe that those are the only outstanding issues for Mr. Lopez to testify * * * on today." Tr. 2 p. 84-85.

{¶ 10} At that point, the court granted Kimberly's request to present testimony from the home's purchaser before cross-examining Javier. Tr. 2 p. 85. After the purchaser's testimony ended, Kimberly's attorney then questioned Javier about the amount in the 529 account, which was around $121,021.95, and about what amounts Javier had contributed. Tr. 2 p. 91-93. When Kimberly's attorney later questioned her, he did not mention the account. Tr. 2 p. 120-130. During this hearing, Kimberly again did not

object to the court's consideration of the 529 account.

{¶ 11} On June 30, 2021, the court held a third hearing at which Kimberly presented expert testimony about the value of the marital residence when the parties were married. This was because Kimberly had purchased the house before the marriage. Transcript of June 30, 2021 Hearing (Tr. 3), p. 157. Kimberly also testified again during this hearing. However, her attorney again did not ask her about the 529 plan. Tr. 3 p. 188-190 and 193. The same day, the parties filed an agreed entry on distribution of around $195,000 they had realized from the marital home's sale. They agreed on some points but asked the court to decide how to divide a remaining amount of $16,000.

{¶ 12} On October 6, 2021, the court filed a decision settling the remaining contested issues. One of the issues the court resolved was custodianship of the 529 account. The court ordered that Javier would be the custodian and that Kimberly would be entitled to receive quarterly statements. Decision (Oct. 6, 2021), p. 4-5. An amended decision was then filed on October 28, 2021, addressing the disposition of the real estate proceeds, which had been omitted from the prior decision. On December 3, 2021, the court filed a second amended decision because it had overlooked the parties' June 30, 2021 agreement about how the funds from the house sale would be distributed. Neither amended decision impacted the prior ruling on the 529 account.

{¶ 13} On December 29, 2021, the court filed a final judgment and decree of divorce, which reflected both the parties' agreements and the contested issues resolved by the court's prior decisions. The provision for the 529 account remained the same,

other than that Javier was specifically ordered to provide quarterly statements to Kimberly. Final Judgment and Decree of Divorce (Dec. 29, 2021), p. 6. Kimberly then timely appealed from the judgment.

## II.   529 Account

{¶ 14} Kimberly's sole assignment of error states that:

The Trial Court Erred as a Matter of Law by Determining that Husband Shall Be the Custodian of the 529 Account.

{¶ 15} Under this assignment of error, Kimberly contends, in a "syllogism," that: (1) the parties agreed she was to have all assets solely in her name; (2) the 529 account was solely in her name; and (3) she therefore was required to have that account. Appellant's Brief, p. 2. In response, Javier argues that Kimberly understood that certain issues, including the matter of the 529 account, were still contested.

{¶ 16} Our review will only be on a plain error basis because Kimberly failed to object to the trial court's review of the 529 account. A party who fails to bring alleged errors to a trial court's attention waives the error on appeal. Despite this, "we may still recognize plain error." *Whitaker v. Paru Selvam, L.L.C.*, 2d Dist. Montgomery No. 26103, 2014-Ohio-3263, ¶ 48. The plain error doctrine is not favored in civil appeals and "may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v. Davidson*, 79 Ohio St.3d

116, 679 N.E.2d 1099 (1997), syllabus.

{¶ 17} On the subject of whether error was waived, the parties did make a partial agreement about some issues during the first divorce hearing.  As noted, their agreement was that they each would retain the following accounts in their own names: retirement, checking, and savings accounts.  Accounts that were not included in the agreement were two "minor" accounts.  Tr. 1 p. 45.  In this regard, Javier's attorney stated that:

> The minor child has two custodial accounts, and the parties have not – both
>
> parties agree that these accounts shall be used for – solely for the benefit
>
> of the minor child, but we have not had a discussion yet as to who will be
>
> continued to be designated as the custodian of those accounts.   But I am
>
> sure we can work though that issue, Your Honor.

Tr. 1 p. 45

{¶ 18} Neither Kimberly nor her attorney disagreed with that statement, and, as indicated, Kimberly told the court that she understood the agreement, that she had entered into it freely and voluntarily, and that some issues still remained.   Tr. 1 p. 51-52. The pretrial statement that Javier filed on the day of the hearing also specifically listed two minor accounts, including one at First National Bank and one at Ameritrade (which was a 529 College Savings Plan).   Kimberly was listed as the custodian on both accounts.   *See* Plaintiff's Pretrial Statement, p. 5, filed on Jan. 8, 2021, and Plaintiff's Ex. 32 (a statement for the account from July 1, 2019 through September 30, 2019).

{¶ 19} The parties did not subsequently reach an agreement on this point,

however, and during the second hearing, Javier testified about his desire to be the custodian for the 529 account. Kimberly did not tell the court at this point that the matter had been part of the parties' agreement. Tr. 2 p. 84. To the contrary, her attorney questioned Javier about the account. Tr. 2 p. 91-93.

{¶ 20} In addition, the trial court's decision on the contested issues was amended twice after it was initially filed. Surely, if Kimberly thought the trial court had incorrectly included the 529 account, she would have brought this to the court's attention at some point between October 6, 2021, when the court filed its original decision, and December 8, 2021, when it filed the second amended decision. She did not. Accordingly, Kimberly waived any error, and our review is only for plain error.

{¶ 21} Having reviewed the entire record, we find no basis for concluding that plain error occurred. In fact, there was no error. Kimberly's personal problems were a persistent issue in the case and resulted in restriction of her visitation, a requirement for supervised visitation, and a requirement that she be tested for alcohol during visitation. Under the circumstances, the trial court could easily have found that Javier would be a better custodian of the funds that were to be used for S.L.'s education. Furthermore, since Javier was required to give Kimberly quarterly statements, she could monitor the account and take any needed action.

{¶ 22} Based on the preceding discussion, Kimberly's assignment of error is overruled.

III. Conclusion

{¶ 23} Kimberly's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, J. and LEWIS, J., concur.

Copies sent to:

Jennifer L. Brogan
Charles D. Lowe
Hon. Timothy D. Wood